UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:25-cv-21615-LFL

JOSE ENRIQUE PONS,

    Plaintiff,

v.

CARAF OIL GAS STATION,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

**THIS CAUSE** is before the Court on the Application to Proceed in District Court Without Prepayment of Fees or Costs, filed by Plaintiff Jose Enrique Pons. ("Application") (ECF No. 3). This matter was assigned to the undersigned United States Magistrate Judge pursuant to Administrative Order 2025-11. However, because I find that dismissal of this case is warranted, and because I do not presently have authority to issue a dispositive order, I am issuing a Report and Recommendation. I have separately entered an order directing the Clerk to randomly reassign this case to a District Judge of this Court. The Court has reviewed Plaintiff's Application and the record as a whole. For the following reasons, I respectfully recommend that the Application be **DENIED** and this action be **DISMISSED** without prejudice.

**I.    BACKGROUND**

Plaintiff captions his claim against Defendant Caraf Oil Gas Station as a "Complaint under the Civil Rights Act, 42. U.S.C. § 1983." (ECF No. 1). Plaintiff alleges that he was assaulted at a Caraf Oil Gas Station by an employee wielding a piece of metal. As a result of the assault, Plaintiff

1

alleges he suffered a concussion and a fractured nose. Plaintiff seeks $2,500,000.00 in relief, and demands a jury trial.

Plaintiff's Complaint is now before the Court for screening under 28 U.S.C. § 1915(e).

## II.   DISCUSSION

Under Section 1915(e), "court[s] shall dismiss [a] case at any time if the court determines that . . . the action or appeal . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief," notwithstanding any filing fee or portion thereof that may have been paid.  28 U.S.C. § 1915(e)(2)(B); *see also Mehmood v. Guerra*, 783 F. App'x 938, 940 (11th Cir. 2019) ("[U]nder § 1915(e), district courts have the power to screen complaints filed by all IFP litigants, *prisoners and non-prisoners alike*.") (emphasis added).

The standard for dismissal under Federal Rule of Civil Procedure 12(b)(6) governs a dismissal under § 1915(e)(2)(B)(ii).  *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). Dismissal under Rule 12(b)(6) is appropriate when the facts as pled do not state a claim for relief that is "plausible on its face."  *Ashcroft v. Iqbal*, 555 U.S. 662, 678 (2009).  In addition, section 1915 requires dismissal when the legal theories advanced are "indisputably meritless," *Neitzke v. Williams*, 490 U.S. 319, 327 (1989); when the claims rely on "clearly baseless" factual allegations, *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); or when the plaintiff ostensibly has little or no chance of success, *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001).

*Pro se* complaints are held to "less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Estelle v. Gamble*, 429 U.S. 97, 106 (1979) (internal quotations and citations omitted).  In determining

whether to dismiss a *pro se* plaintiff's complaint, the allegations are taken as true and are construed in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). Although a plaintiff is not held to a high standard in a motion to dismiss for failure to state a claim, the Federal Rules require "a short and plain statement" of the claim that will give the defendant fair notice of the plaintiff's claim and the grounds it rests upon. *See* Fed. R. Civ. P. 8(a); *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001). Moreover, "[u]nder § 1915(e)(2)(B)(ii), a district court must dismiss a case in which the plaintiff is proceeding in forma pauperis if the court determines that the complaint fails to state a claim on which relief may be granted." *Wright v. Miranda*, 740 F. App'x 692, 694 (11th Cir. 2018). Although district courts must liberally construe *pro se* pleadings, courts are not required to rewrite complaints to create a viable cause of action where one does not otherwise exist. *GJR Invs. v. Cnty. of Escambia*, 132 F. 3d 1359, 1369 (11th Cir. 1998) *overruled on other grounds by Ashcroft*, 556 U.S. 662 (2009).

Liberally construed, Plaintiff purports to bring a single claim under 42 U.S.C. § 1983 for assault. However, Plaintiff's Complaint fails to state a claim on which relief can be granted.

"[S]ection 1983 itself creates no substantive rights; it merely provides a remedy for deprivations of federal rights established elsewhere." *Wideman v. Shallowford Comty. Hosp., Inc.*, 826 F.2d 1030, 1032 (11th Cir.1987). To state a claim under section 1983, a plaintiff must allege the violation of a federal right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). Plaintiff's Complaint fails in two respects.

First, Plaintiff does not allege that Defendant, Caraf Oil Gas Station, or any of its employees were acting under color of state law. A defendant acts under color of state law when they exercise power vested in them by the authority of state law. *See West*, 487 U.S. at 49. For

example, a public employee acting in their official capacity or while exercising their responsibility pursuant to state law are generally acting under color of state law. *See id*. at 50. Plaintiff has not alleged that his assailant—a gas station employee—acted under the state's authority.

Second, even assuming Defendant or Defendant's employee acted under color of state law, Plaintiff's claim arises from an assault. However, Plaintiff has not set forth a violation of a federal right as a result of the actions alleged. Section 1983 "does not provide a remedy for any and all injuries inflicted by persons acting under color of state law." *Wideman*, 826 F.2d at 1032. Rather, to proceed under section 1983, Plaintiff must allege the violation of an underlying constitutional right. *See id.*; *Dacosta v. Nwachukwa*, 304 F.3d 1045, 1049 (11th Cir. 2002) ("Remedies for batteries of this sort should be pursued in accordance with state law."). Absent from Plaintiff's complaint is any allegation that an underlying constitutional right was violated. Therefore, Plaintiff's claim is due to be dismissed on this ground, too.

Accordingly, Plaintiff has failed to state a claim under section 1983 and his Complaint is due to be dismissed.

### III.  CONCLUSION

For the reasons discussed above, I respectfully **RECOMMEND** that Plaintiff's Application to Proceed in District Court Without Prepayment of Fees or Costs (ECF No. 3) be **DENIED, without prejudice**. I further **RECOMMEND** that Plaintiff's Complaint (ECF No. 1) be **DISMISSED** with leave to amend as set forth above.

The parties will have **FOURTEEN (14) days** from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with this Court. Failure to timely file objections shall bar the parties from a *de novo* determination by a District Judge of this Court of an issue covered in the Report and shall bar the parties from attacking on

appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

The Clerk of Court is **INSTRUCTED** to transmit a copy of this Order to Plaintiff.

**RESPECTFULLY SUBMITTED** in Chambers at Miami, Florida, on this 3rd day of June, 2025.

LAUREN F. LOUIS
UNITED STATES MAGISTRATE JUDGE